507 A.2d 1260

**COMMONWEALTH of Pennsylvania**

**v.**

**Stephen M. BOYLES, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 7, 1985.

Filed April 25, 1986.

Roy D. Shirk, York, for appellant.

Richard W. Sponseller, Assistant District Attorney, York, for Commonwealth, appellee.

Before McEWEN, MONTEMURO and CERCONE, JJ.

McEWEN, Judge:

This is an appeal from a judgment of sentence of ninety days imprisonment imposed after appellant was found guilty of driving while his operating privileges were suspended or revoked in violation of 75 Pa.C.S. § 1543(b). We affirm.

Appellant was arrested on December 17, 1982, for a violation of 75 Pa.C.S. § 3731, (driving under the influence of alcohol or controlled substance) (DUI). Within thirty days thereafter, on January 15, 1982, the following amendments to the Motor Vehicle Code became effective:

(1) The DUI Section, 75 Pa.C.S. § 3731, was revised so as to provide for mandatory sentences for particular violations and declare that acceptance into an ARD program

would be considered a conviction in the event of a subsequent conviction for the same offense.

(2) The driving while operating privilege is suspended or revoked section, namely 75 Pa.C.S. § 1543, was amended by the addition of subsection (b) which provided for a mandatory ninety day term of imprisonment where the suspension was the result of driving under the influence.[1]

Thus, any individual who operates a motor vehicle while his or her license is under suspension, as a result of a conviction or of acceptance into the ARD program for driving under the influence, must undergo imprisonment for at least ninety days.

Six months after his arrest and five months after the aforementioned statutory amendments became effective, in June of 1983, appellant was accepted into the ARD program and, in due course, his operator's license was suspended. On May 5, 1984, while his operating privileges were still under suspension for the DUI offense, appellant was arrested and charged with violation of 75 Pa.C.S. § 1543, driving while operating privilege is suspended or revoked.

Appellant thereafter entered a plea of guilty to the charge of operating a vehicle while under suspension and was sentenced by a district justice, pursuant to the mandatory sentencing provision of 75 Pa.C.S. § 1543(b), to serve a term of imprisonment of ninety days. The distinguished Common Pleas Court Judge James E. Buckingham conducted a *de novo* proceeding and similarly imposed the mandatory term of imprisonment of ninety days.

Appellant presents two issues for our consideration:

---

**1.** Subsection (b) of Section 1543 now provides:

**(b) Certain offenses.**—*Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance)* or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S. § 1543(b).

I. Whether the trial court erred in sentencing the appellant under the mandatory sentencing provisions of 75 Pa.C.S. § 1543(b)?

II. Whether under the circumstances 75 Pa.C.S. § 1543(b) is an ex post facto law?

We find that the trial court properly sentenced appellant under the mandatory sentence provision of 75 Pa.C.S. § 1543(b) and that the sentence imposed did not violate the proscription against *ex post facto* penalties. Accordingly, we affirm the judgment of sentence.

■ Appellant asserts that by reason of his arrest one month before the amendments became effective, the prosecution against him was based upon the earlier Section 3731, whereas the mandatory prison term called for in the revised version of Section 1543(b) refers only to prosecutions for DUI under the amended version of Section 3731. We disagree.

First, the revised version of Section 3731 did not provide for sweeping or substantial changes and, in any event, the misconduct proscribed remained the same in both versions of that section. Second, when appellant was accepted into the ARD program in June, 1983, he did so subject to all of the conditions and regulations applicable to acceptance into such program which, of course, included the statutory condition that had become effective five months earlier on January 15, 1983, namely, that a mandatory sentence of at least ninety days was to be imposed for operating after suspension. Third, and perhaps most crucial, the statute which appellant violated in March, 1984, was the revised version of Section 1543, a statute that had been in effect some fourteen months, which quite simply directed a mandatory prison term for one who operated a motor vehicle while under a license suspension for operating under the influence. Thus, the court properly sentenced appellant under the mandatory sentencing provision of the revised version of 75 Pa.C.S. § 1543(b).

■ We also reject the appellant's contention that the imposition of punishment under the revised version 75 Pa. C.S. § 1543(b) must be voided as an *ex post facto* penalty. As stated by this Court in *Commonwealth v. Riley*, 253 Pa.Super. 260, 384 A.2d 1333 (1978):

> In general, one of the following criteria must obtain before a statute, or the application thereof will be held invalid as an *ex post facto* law: (1) the law makes an act criminal which was not criminal when done; (2) the law aggravates a crime, or makes it greater than it was when committed; (3) the law changes a punishment, and makes it greater than it was when the punishable act was committed; and (4) the law alters the rules of evidence and requires less or different testimony than the law required at the time the offense was committed, in order to convict.

*Id.*, 253 Pa.Superior Ct. at 264, 384 A.2d at 1335 (citations omitted). Appellant argues that the third standard concerning punishment precludes imposition of the punishment provided in the amended version of Section 1543(b). Such an assertion is invalid. There was no change in the punishment provided for in Section 1543(b) between March 5, 1984, when appellant drove while his license was suspended and May 18, 1984, when sentence was imposed. The punishable act here in question is driving while operating privileges were revoked or suspended. As we earlier noted, the mandatory imprisonment provision of Section 1543 had been in effect for approximately five months prior to his acceptance into the ARD program and for more than a year prior to the date of the offense of driving while his operating privileges were suspended. The *ex post facto* assertion of appellant must, therefore, be rejected.

Judgment of sentence affirmed.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the Order of the Court of Common Pleas of York County is affirmed.